## Bean and others vs. Whitcomb and others.

Where in an equity case an appeal is taken without any bill of exceptions being settled, and without the evidence being preserved in any authentic manner, the only question that can be reviewed in this court is, whether the finding of the court below sustains the judgment.

Where the judgment is for a strict foreclosure, and adjudges that the "defendants," being the mortgagor and subsequent incumbrancers, pay the amount due within a specified time, and that in default thereof they be barred, &c., this is not an absolute personal judgment against the subsequent incumbrancers, and they are not entitled to have it reversed on appeal.

January Term,
1861.

THE TOWN OF
ROCHESTER
v.
THE ALFRED
BANK et al.

April 10.

APPEAL from the Circuit Court for *Racine* County.
No statement of the case is necessary.

*Eugene S. Turner*, for appellants.

*Strong & Fuller*, for respondents.

*By the Court*, PAINE, J. As there was no bill of exceptions settled in this case, and the evidence was not preserved and presented to this court in any authentic manner, we cannot examine most of the questions made by the appellants.

The only one we can pass on is, whether the finding of the court below warrants the judgment. The only reason urged why it does not, is that there is a personal judgment against all the defendants, some of whom were mere subsequent incumbrancers, for the whole amount due on the mortgage. But on examining the judgment, we think it is not liable to this objection. The action and judgment were for a strict foreclosure. And although it is adjudged that the defendants pay the amount due within a specified time, yet the only result of their not doing it was, that they would be barred, and the title vested in the plaintiff. It was necessary to give this privilege to the subsequent incumbrancers, as well as to the mortgagor, for they all had the right to redeem. But the judgment cannot be deemed an absolute personal judgment against them, nor even against the mortgagor. It carries on its face the antidote to such a construction.

We can only affirm it, with costs.